```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| FRANK ALSHUSKI, JR., : | Civil No. 08-3185 (RMB) |
| Plaintiff, : |  |
| v. : | **OPINION** |
| CUMBERLAND COUNTY : FREEHOLDERS, et al., : |  |
| Defendants. : |  |

**APPEARANCES**:

    FRANK ALSHUSKI, JR., #583976, Plaintiff Pro Se
    South Woods State Prison
    215 S. Burlington Road
    Bridgeton, New Jersey 08302

**BUMB**, District Judge

    Plaintiff Frank Alshuski, Jr., a sentenced prisoner who is currently confined at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's

prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss Plaintiff's Complaint, without prejudice to the filing of an amended complaint.

## I.   BACKGROUND

Plaintiff sues Cumberland County Freeholder Glenn Nickerson and the other Cumberland County Freeholders for alleged violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that the Violent Crimes Compensation Board loses approximately $72,000 per year by selling commissary items to inmates only twice per month, rather than four times per month.  Plaintiff asserts that he has written at least seven letters to defendants informing them of this lost financial opportunity and asking why money is deducted from his prison account seven days before he receives the items.  Plaintiff maintains that it would be more efficient to process a commissary order the day after it is received, and to make deliveries the following day.  Plaintiff states he received no response to his letters.  In addition, Plaintiff alleges:

> Health Reason.  I have to go at least 7 extra
> days without soap, vitamins, aspirins, right
> now I have no toilet tissue, we are suppose

>      to receive tissue 3 days from now.
>      unsanitary.

(Compl. p. 2.)

For relief, Plaintiff seeks "to make a mandate for commissary privileges to be once every week." (Id. p. 9.)

## II.   STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for dismissal for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F. 3d at 374 n.7.  See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> \*                    \*                         \*
>
> The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so

4

> narrowly as to limit its holding on plausibility to the antitrust context. Reading <u>Twombly</u> to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." <u>Twombly</u>, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.
>
> The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
> The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Twombly</u>. See <u>Erickson v. Pardus</u>, 127 S. Ct. 2197,

5

2200 (2007).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a

violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Operation of Commissary

Plaintiff complains that the Victims of Crime Compensation Board is losing money because inmates cannot purchase commissary items every week, and can only make purchases twice a month.  In addition, he complains that it would be more efficient if the commissary delivered items to inmates within two days of the purchase date, rather than seven days.

This Court notes that, in 1997, the New Jersey Legislature imposed a 10% surcharge upon the price of all commodities purchased in prison commissaries, and directed that the money collected from the surcharge be deposited in the Victims of Crime Compensation Board Account.  See N.J. Stat. Ann. § 30:4-15.1; Myrie v. Commissioner, N.J. Dept. of Corrections, 267 F. 3d 251, 257 (3d Cir. 2001).  The problem with Plaintiff's allegations regarding the surcharges is that Plaintiff lacks standing to challenge the loss of surcharges by the Victims of Crime Compensation Board caused by the commissary's sales practices. See Whitmore v. Arkansas, 495 U.S. 149, 154 (1990) ("before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue"); Fairchild v. Hughes, 258 U.S. 126, 129 (1922) (plaintiff lacks standing to assert "only the right, possessed by every citizen, to require that the Government be administered according to law and that the public moneys be not wasted").  And although Plaintiff has standing to challenge the commissary's failure to allow him to purchase items from the commissary once a week, the practice of allowing only bimonthly purchases does not in and of itself inflict cruel and unusual punishment under the Eighth Amendment or violate Plaintiff's other constitutional rights.  See Wilson v. Seiter, 501 U.S. 294, 305 (1991) (prison conditions do not violate the

8

Eighth Amendment unless they involve the wanton and unnecessary infliction of pain, deny the inmate one identifiable basic human need, or deprive a prisoner of the minimal civilized measure of life's necessities).  Thus, this Court will dismiss all federal claims challenging the commissary's sales practices for failure to state a claim upon which relief may be granted.

However, Plaintiff's allegations concerning the lack of soap and toilet paper implicate the Eighth Amendment's Cruel and Unusual Punishment Clause, as sanitation is a basic human need. To state a claim under the Eighth Amendment, an inmate must allege both an objective element and a subjective element.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To satisfy the objective element, a prisoner must show that the alleged deprivation was sufficiently serious.[1]  To satisfy the subjective component, an inmate must show that the defendant was deliberately indifferent to his safety or health.  Id.  A prison official is deliberately indifferent when he or she "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  Under the deliberate indifference standard, the

---

[1] The denial of "basic sanitation . . . is 'cruel and unusual because, in the worst case, it can result in physical torture, and, even in less serious cases, it can result in pain without any penological purpose.'" Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Although Plaintiff's allegations do not state an Eighth Amendment claim, they do not foreclose the possibility that prison officials were deliberately indifferent to Plaintiff's basic human need for sanitation.  The dismissal of the Complaint is therefore without prejudice to the filing of an amended complaint within 30 days consistent with this Opinion.

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis, dismisses the Complaint, and grants Plaintiff 30 days to file an amended complaint stating an Eighth Amendment deliberate indifference claim.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: August 8, 2008